

**FILED**
**Oct 30, 2025**
**02:36 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **Michael Hall,** | ) | **Docket No. 2024-60-7117** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TWC Holdings, Inc..,** | ) | |
| **Employer,** | ) | **State File No. 860412** |
| **Employers Cas. Co.,** | ) | |
| **Carrier,** | ) | |
| **And** | ) | |
| **Troy Haley, as Administrator of the** | ) | **Judge Joshua D. Baker** |
| **Subsequent Injury and Vocational** | ) | |
| **Recovery Fund for the State of** | ) | |
| **Tennessee.** | ) | |

---

### EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

Mr. Hall requested benefits for a back injury. Because the only expert medical opinion in the record attributes his back condition to preexisting degenerative disc disease, the Court denies his request at this time.

### Claim History

Mr. Hall filed a petition for an October 27, 2023 injury to his back when his chair collapsed at work. However, given how events unfolded, he received treatment under an earlier claim for a low-back strain.

That earlier back strain occurred in August 2022, when Mr. Hall moved a commercial fryer at work. He received treatment under workers' compensation until the doctor released him to full duty a little more than a month later. Over a year after that, on October 23, 2023, Mr. Hall returned to that doctor complaining of continued back pain. The doctor ordered an MRI, which revealed degenerative disc disease.

Four days after the MRI, the collapsing-chair incident happened, and Mr. Hall told the doctor that the incident increased his back pain. The doctor recommended evaluation from an orthopedist or neurosurgeon, which TWC authorized.

Mr. Hall chose to see orthopedic surgeon Dr. Daniel Burval and was scheduled for an appointment on January 2, 2024. Before Mr. Hall saw Dr. Burval, an adjuster sent a letter to the doctor asking if Mr. Hall's symptoms "are still related to the incident of August 5, 2022, or if there has been a new incident or degenerative [changes]." The doctor returned the letter, circling his handwritten *no* and explaining, "Pathology is degenerative and not traumatic."

Based on Dr. Burval's opinion, TWC denied further treatment for the 2022 injury. Despite TWC's denial under the 2022 claim, Mr. Hall went to see Dr. Burval for treatment related to the collapsing-chair incident.

Dr. Burval diagnosed Mr. Hall with degenerative disc disease and spondylosis with disc bulge without herniation. He released Mr. Hall at maximum recovery and ordered a functional capacity evaluation to determine permanent restrictions. TWC never authorized the evaluation, and the claim remained dormant.

Then, over a year later in June 2025, Mr. Hall returned to Dr. Burval complaining of continued back pain. The doctor ordered another MRI and wrote, "Unable to work till: After MRI."

On July 2, 2025, presumably after receiving the MRI recommendation, the adjuster sent another causation letter to Dr. Burval asking, "Is Mr. Hall's need for continuing lumbar spine treatment primarily related (greater than 50%) to the 10/27/2023 work accident in which he fell out of a chair?" In October, Dr. Burval responded "no."

TWC denied the MRI, and Mr. Hall now seeks authorization of it as well as temporary disability benefits.

### Findings of Fact and Conclusions of Law

To receive benefits at an expedited hearing, Mr. Hall must prove he is likely to prevail at a final hearing. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To prove a compensable injury, an employee must show "to a reasonable degree of medical certainty that [the work accident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(12)(C) (2024).

While Dr. Burval recommended an MRI in June 2025, he made clear in his medical questionnaire responses that the primary cause of Mr. Hall's back pain is degenerative rather than work-related. Without any contrary medical opinion, Mr. Hall is unlikely to prevail in proving that his need for the MRI is primarily related to his work. Further, because he lacks medical proof showing a causal relationship, he is ineligible for temporary disability benefits.

It is **ORDERED** as follows:

1. Mr. Hall's request for benefits is denied at this time for lack of medical proof.

2. The Court sets a **status hearing for Monday, December 1, 2025, at 11:30 a.m. Central Time**. The parties must call (615) 741-2113 or (855) 874-0474 to participate. Failure to call might result in a determination of the issues without your participation.

**ENTERED October 31, 2025.**

_____
**JOSHUA D. BAKER, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Rule 72 declaration of Mr. Hall
2. Medical records
3. Causation questionnaire response signed by Dr. Burval, filed October 16, 2025
4. Dr. Burval's response to a December 21, 2023 causation letter
5. Letter to Mr. Hall dated May 1, 2024, regarding termination of benefits

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as shown on October 31, 2025.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Jason Denton, Employee's attorney | | X | jdenton@rma-law.com kpaddock@rma-law.com |
| Richard Clark, Employer's Attorney | | X | rclark@eraclides.com ctaulbee@eraclides.com |
| Patrick Ruth, Attorney for the Fund | | X | patrick.ruth@tn.gov |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*